United States District Court
Southern District of Texas

**ENTERED**
July 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ABDOUL GAFAR AROUNA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00525** |
| | § | |
| **WARDEN, RIO GRANDE PROCESSING** | § | |
| **CENTER,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On July 16, 2026, the Court granted in part Petitioner Abdoul Gafar Arouna's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and ordered Respondents provide Petitioner with an individualized custody review before an immigration judge (IJ) at which the Government bore the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community within 7 days, or else release Petitioner. (Dkt. 19 at 6.)

On July 17, 2026, Respondents filed a Status Report, (Dkt. 20), stating that "the required custody redetermination hearing was provided to Petitioner. The result of that hearing is that an immigration judge denied bond to Petitioner finding that he is a flight risk." (*Id.* at 1.) Respondents attached a copy of the IJ's order where the IJ explains that Petitioner "is a flight risk for the reasons noted on the record." (*Id.*, Attach. 1.)

On July 27, 2026, Petitioner filed a Motion for Relief, (Dkt. 21), asking that the Court order his immediate release and alleging that the custody redetermination hearing was inadequate because Petitioner received late notice and did not have the opportunity to effectively present

evidence during the custody redetermination hearing. (*Id.* at 1–2.) In its Order dated June 16, 2026, (Dkt. 19), the Court ordered Respondents to hold a custody redetermination hearing at which the burden was placed on the government to prove, by clear and convincing evidence, Petitioner was a flight risk or danger to the community or else release Petitioner from custody immediately. (*Id.* at 6.) As such, Petitioner's allegations that Petitioner did not receive adequate notice or a meaningful opportunity to be heard at the custody redetermination hearing, if proven, would entitle Petitioner to immediate release.

Accordingly, Respondents are hereby **ORDERED** that (1) **within 6 days** they must file a supplemental notice indicating their position as to whether the bond hearing held by Immigration Judge Emmanuel Garcia on July 17, 2026, complies with the Court's July 16, 2026 Order and provide a transcript or recording of the bond proceedings and copy of the accompanying evidentiary submissions to the Court, **OR** (2) they must **IMMEDIETELY RELEASE** Petitioner from custody, under reasonable conditions of supervision, during the pendency of Petitioner's removal proceedings.

If Respondents choose to release Petitioner, they are **ORDERED** to file a notice confirming Petitioner's release **no later than 7 days from this issuance of this Order**. If Respondents release Petitioner they must also return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

IT IS SO ORDERED.
SIGNED this July 30, 2026.

Diana Saldaña
United States District Judge

2 / 2